This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: June 2, 2025**

**No. S-1-SC-39827**

**STATE OF NEW MEXICO,**

      Plaintiff-Petitioner,

v.

**CHRISTOPHER JOHNSON,**

      Defendant-Respondent.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Raúl Torrez, Attorney General,
Van Snow, Assistant Solicitor General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM

for Respondent

**DECISION**

**VARGAS, Justice.**

**{1}** This Court granted the State's Rule 12-502 NMRA petition for a writ of certiorari to review the Court of Appeals' decision reversing Defendant Christopher Johnson's conviction for aggravated assault on Sergeant David Warren of the Lincoln County Sheriff's Office (LCSO). *State v. Johnson*, A-1-CA-39266, mem. op. ¶ 17 (N.M. Ct. App. Feb. 13, 2023) (nonprecedential). The Court of Appeals, acting *sua sponte*, determined

that there was insufficient evidence of Sergeant Warren's actual belief that Defendant was about to batter him, as required for the conviction. *Id.* ¶ 17.

**{2}**     Contrary to the Court of Appeals, we hold that the State provided sufficient evidence of Sergeant Warren's actual belief that Defendant was about to batter him. Accordingly, we reverse the Court of Appeals with regard to Defendant's aggravated assault on Sergeant Warren and remand for proceedings consistent with this decision.[1]

## I.     BACKGROUND

**{3}**     On May 9, 2019, a law enforcement officer with the New Mexico Livestock Board observed Defendant drift onto the right shoulder of the highway, hitting the rumble strip several times. The officer attempted to perform a traffic stop, but Defendant pulled away and led police on a chase.

**{4}**     During the police pursuit, Sergeant Warren set up a spike strip to stop Defendant's van. Defendant approached the strip at a speed of approximately 85 to 90 miles per hour, then veered out of his lane towards Sergeant Warren. According to testimony from Sergeant Warren, Defendant missed him by less than one foot, coming so close that Sergeant Warren felt the air pressure as Defendant's van sped by him. LCSO Deputy Evans testified that, as Defendant approached Sergeant Warren, he yelled over the radio that "[Defendant]'s coming right at ya—[Defendant]'s going to run you over, everybody get out of the way!" LCSO Sherriff Robert Shepperd similarly testified that he saw Defendant almost hit Sergeant Warren.

**{5}**     Defendant was convicted of aggravated assault on Sergeant Warren, contrary to NMSA 1978, Section 30-22-2 (1971).[2]

## II.     DISCUSSION

### A.     Standard of Review

**{6}**     When reviewing the sufficiency of the evidence, appellate courts "must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494. In a sufficiency of the evidence review, appellate courts determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Atencio*, 2024-NMSC-022, ¶ 59, 557 P.3d 118. This standard of review is "deferential to the

---

[1]We exercise our discretion to resolve Defendant's appeal by non-precedential decision. *See* Rule 12-405(B)(1) NMRA (providing that this Court may dispose of a case by order or decision rather than formal opinion where the "issues presented have been previously decided" by our appellate courts).
[2]Defendant was also convicted of numerous additional crimes for other conduct during this incident, none of which are relevant to this decision. We discuss these additional crimes and other conduct no further.

jury's findings," as appellate courts do not "enjoy the same exposure to the evidence and witnesses as the jury at trial." *Garcia*, 2011-NMSC-003, ¶ 5.

## B. The State Presented Sufficient Evidence for a Reasonable Jury To Conclude Sergeant Warren Actually Believed Defendant Was About To Batter Him

**{7}** "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 (brackets, internal quotation marks, and citation omitted). Based on UJI 14-2202 NMRA, the jury was instructed that in order to convict Defendant of aggravated assault on Sergeant Warren, it must find, among other things, "*[t]he defendant's conduct caused Sergeant Warren to believe* the defendant was about to intrude on Sergeant Warren's bodily integrity or personal safety by touching or applying force to Sergeant Warren in a rude, insolent or angry manner."

**{8}** Before the Court of Appeals, Defendant did not challenge whether there was sufficient evidence of Sergeant Warren's belief, but instead argued that there was insufficient evidence of a different essential element of the crime. Nevertheless the Court of Appeals determined, *sua sponte*, that Defendant's conviction for aggravated assault on Sergeant Warren was not supported by sufficient evidence with respect to Sergeant Warren's actual belief that Defendant was about to batter him.[3] *See Johnson*, A-1-CA-39266, ¶ 17; *see also Arrendondo*, 2012-NMSC-013, ¶ 15 (stating that aggravated assault on a peace officer requires "some evidence of the victim's *actual belief* that he was in danger of receiving an immediate battery" (brackets omitted) (emphasis added)).

**{9}** The Court of Appeals' reasoning focused on Sergeant Warren's testimony that, as characterized by the Court of Appeals, "he did not think Defendant was trying to hit him but was only trying to avoid the spikes." *Johnson*, A-1-CA-39266, ¶ 17. Based on this statement, the Court of Appeals concluded that "no rational trier of fact could have found [the actual belief element] of the crime of aggravated assault on a peace officer was proven by the State beyond a reasonable doubt." *Id.* Therefore, the Court of Appeals vacated Defendant's conviction for aggravated assault on Sergeant Warren. *Id.*

**{10}** The State argues before this Court that there was more than enough evidence for a reasonable jury to conclude Sergeant Warren actually believed that Defendant was about to hit him with the van and that the Court of Appeals erred when it concluded

---

[3]Appellate courts generally "rely on adversarial briefing to decide legal issues and avoid constructing legal arguments that the parties, intentionally or otherwise, have not presented." *Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586. When courts deviate from this formula, it "creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments," *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53, and we caution our Court of Appeals to refrain from deciding issues the parties have not presented.

otherwise. The State relies on testimony from Sergeant Warren and two other law enforcement officer witnesses that the Court of Appeals failed to consider.

**{11}** Defendant responds that the testimony from Sergeant Warren offered by the State indicates Sergeant Warren's belief at the time of trial, rather than his belief at the time of the incident. To support its argument that the Court of Appeals' decision should be affirmed, Defendant points to Sergeant Warren's testimony that he did not think Defendant's van was directed at him and when he saw the car coming, he moved out of the way and took cover. But Defendant's intent is not relevant to the inquiry into Sergeant Warren's actual belief of imminent battery by Defendant. *See State v. Morales*, 2002-NMCA-052, ¶ 36, 132 N.M. 146, 45 P.3d 406 ("To convict [the d]efendant of aggravated assault on a peace officer, *the State was not required to prove that [the d]efendant intended to injure or even frighten [the officer]*." (emphasis added)), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Instead, the jury must determine whether "[the d]efendant's conduct *caused [the officer] to believe* [the d]efendant was about to hit him with his vehicle." *Id.* ¶ 36 (emphasis added.)

**{12}** We conclude the State presented ample evidence for a reasonable jury to conclude Sergeant Warren actually believed that Defendant was about to hit him with the van. In fact, one of the first questions asked during Sergeant Warren's direct examination was: "[w]ere you put in any danger when the van drove by?" Sergeant Warren responded "[a]bsolutely." Sergeant Warren went on to explain that the "[v]an swerved . . . towards [him] to veer around the spikes. . . . That's the only direction [Defendant] really could have gone to get away from [the spikes]." Sergeant Warren testified that "[t]his vehicle was traveling at an excessive rate of speed and when [Defendant] veered to go around the spikes he just nearly ran over me" coming within "a foot of hitting me." Moreover, Sergeant Warren testified that in the moment his "adrenaline was . . . high," which is a commonly known bodily response to perceived danger or stress. *See* Melissa Hamilton, *The Reliability of Assault Victims' Immediate Accounts: Evidence from Trauma Studies*, 26 Stan. L. & Pol'y Rev. 269, 286-288 (2015) (identifying research finding that adrenaline is released into the bloodstream to engage the body's fight-or-flight response during traumatic situations). Finally, Sergeant Warren testified that, on reflection, this was one of the top ten most dangerous situations in his entire career.

**{13}** And, as in *Arrendondo*, the State also provided testimony from bystander witnesses from which the jury could infer Sergeant Warren's actual belief that he was about to be battered by Defendant. *See Arrendondo*, 2012-NMSC-013, ¶ 16 (concluding that there was sufficient evidence of the victim's subjective fear based on bystander testimony where the bystander—who was with the victim—heard gunshots). LCSO Deputy Evans testified that, as Defendant approached Sergeant Warren, Deputy Evans yelled over the radio "[Defendant]'s coming right at ya—[Defendant]'s going to run you over, everybody get out of the way!" LCSO Sherriff Robert Shepperd similarly testified that he saw Defendant almost hit Sergeant Warren.

**{14}** Therefore, viewing the evidence in the light most favorable to the verdict, we hold that Sergeant Warren's testimony, buttressed by that of Deputy Evans and Sheriff Shepperd, was sufficient evidence for a reasonable jury to conclude Sergeant Warren actually believed that Defendant was about to batter him. *See e.g.*, *State v. Soto*, A-1-CA-37674, mem. op. ¶¶ 11-13 (N.M. Ct. App. Aug. 17, 2020) (nonprecedential) (holding there was sufficient evidence for the defendant's conviction of aggravated assault with a deadly weapon despite the victim affirmatively stating she was not afraid because she "felt like [she] was protected by God" when the defendant told victim that he would kill her, pointed a gun at her, and then fired two shots in the air); *see also State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (stating that appellate courts "do not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence, and we do not weigh the evidence or substitute our judgment for that of the fact finder so long as there is sufficient evidence to support the verdict" (internal quotation marks and citation omitted)).

**{15}** We therefore reverse the Court of Appeals with regard to Defendant's aggravated assault on Sergeant Warren and remand for proceedings consistent with this decision.

**{16} IT IS SO ORDERED.**

**JULIE J. VARGAS, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**BRIANA H. ZAMORA, Justice**